Filed 7/29/25  P. v. Clark CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>WILLIE RAY CLARK,<br><br>    Defendant and Respondent. | 2d Crim. No. B339364<br>(Super. Ct. No. 2006036252)<br>(Ventura County) |

Willie Ray Clark appeals an order denying his motion to modify his sentence to reflect additional custody credits and changes in the law pursuant to the California Racial Justice Act (the Act).  (Pen. Code,[1] § 745.)  We conclude that the trial court properly denied the motion without prejudice because Clark failed to establish error in the calculation of credits and did not make a prima facie showing of a violation of the Act.

On May 13, 2025, appellate counsel filed an opening brief informing this court that she reviewed the record and could not

---

[1] All statutory references are to the Penal Code.

find any arguable issues to raise on appeal. She declared that she sent the opening brief and transcript of the record to Clark and informed him of his right to file a supplemental brief or letter or suffer dismissal of the appeal as abandoned. Clark filed a supplemental brief. We have evaluated the supplemental brief and find no issue of merit. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232 [when appellate counsel has found no arguable issues and the appellant submits a supplemental brief or letter, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].) Accordingly, we conclude that the court properly denied Clark's motion and affirm.

## FACTUAL AND PROCEDURAL HISTORY

On February 22, 1996, then 17-year-old Clark entered a Laundromat and concealed himself inside the janitor's room. After the 78-year-old female custodian closed the Laundromat for the evening, Clark sexually assaulted her. A security camera filmed a person entering the Laundromat and concealing himself inside. DNA laboratory testing years later established that Clark was the donor of the fluids obtained from a medical-legal examination of the victim. At a court trial, Clark testified that he had consensual sexual intercourse with the victim that evening.

On January 14, 2008, the trial court convicted Clark of forcible rape and forcible penetration by a foreign object. (§§ 261, subd. (a)(2), 289.) The court also found that he committed the criminal offenses during commission of a burglary; personally used a dangerous or deadly weapon or a firearm during commission of the offenses; and engaged in tying or binding the victim. (§ 667.61, subd. (e) [special allegations].)

1

As a one strike offender, the trial court sentenced Clark to 25 years to life for the rape conviction and a consecutive six-year term for the penetration by a foreign object conviction. The court struck the weapon use enhancements. Clark received 428 days of presentence custody credit as described and set forth in the probation report. We affirmed the judgment on appeal. (*People v. Clark* (Dec. 3, 2008, B206382) [nonpub. opn.].)

On June 24, 2024, Clark filed a motion to recall and modify his sentence to reflect additional days of custody and conduct credit. In addition, he requested resentencing pursuant to sections 745 and 1172.1. Clark did not support his allegations with evidence of additional custody and conduct days or racial injustice.

The trial court denied Clark's petition without a hearing or the appointment of counsel. The court ruled: "The Motion is denied without prejudice based upon [Clark's] failure to present any evidence . . . . The Motion is entirely conclusory and is not supported by documentary evidence, or [Clark's] declaration. . . . More importantly, there are no factual allegations, no dates provided, supporting the claim that 'in custody' days were improperly calculated."

Clark appeals and argues that his appointed counsel did not consult him, did not have authority to represent him, and did not review his custody credits. Clark provides no evidence or argument regarding his claim or the trial court's ruling.

Clark's counsel requested that we undertake an independent review of the record. We decline this invitation and instead briefly respond to the argument Clark raises in his supplemental brief. (*People v. Delgadillo*, *supra*, 14 Cal.5th 216, 231-232.)

2

*DISCUSSION*

It is an appellant's burden to establish error. (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) We presume that the trial court was aware of and followed applicable law. (*Ibid.*) Clark has provided no evidence supporting his claims.

Section 745 requires a defendant to make a prima facie showing of a violation of the Act. Pursuant to section 745, subdivision (h)(2), a "prima facie showing" means "the defendant produces facts that, if true, establish that there is a substantial likelihood that a violation of [the Act] occurred." A "substantial likelihood" requires more than a mere possibility, but less than a standard of more likely than not. (*Ibid.*) Clark failed to support his allegations with evidence showing a substantial likelihood that a violation of the Act occurred.

*DISPOSITION*

The order denying the motion to recall and modify Clark's sentence is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:



YEGAN, J.



CODY, J.

3

Ryan J. Wright, Judge

Superior Court County of Ventura

_____

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.